**UNITED STATES of America, Appellee,**

v.

**Charles E. COUGHLIN, Appellant.**

**No. 11–3113.**

United States Court of Appeals, District of Columbia Circuit.

June 14, 2013.

Rehearing En Banc Denied Aug. 14, 2013.

---

4

Elizabeth Trosman, Esquire, Amanda Josephine Winchester, Ronald C. Machen, Jr., Esquire, USAO Appellate Counsel,

U.S. Attorney's Office, Washington, DC, for Appellee.

Steven Michael Klepper, Kramon & Graham, PA, Baltimore, MD, for Appellant.

Before: HENDERSON, TATEL and GRIFFITH, Circuit Judges.

## *JUDGMENT*

This appeal was presented to the court, briefed, and argued by counsel on May 15, 2013. The court has accorded the issues full consideration and has determined they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). It is

**ORDERED AND ADJUDGED** that the judgment of conviction be affirmed.

This appeal comes to us after appellant Charles Coughlin's third trial at the district court and a previous interlocutory appeal to this court. Prior decisions have carefully laid out the history of this case, and we rely on them to provide a brief overview. *See United States v. Coughlin,* 610 F.3d 89 (D.C.Cir.2010) (*Coughlin I*); *United States v. Coughlin,* 821 F.Supp.2d 35 (D.D.C.2011). Coughlin was working in the Pentagon on September 11, 2001, near where the hijacked plane slammed into the building. Claiming injury, Coughlin sought compensation from the September 11th Victim Compensation Fund, which awarded him more than $300,000 in both economic and noneconomic damages. But the government came to believe that Coughlin had submitted false claims to the Fund and indicted him on October 31, 2008. The indictment included five counts of mail fraud in violation of 18 U.S.C. § 1341, each based on a separate letter that Coughlin had sent to the Fund. The letters were sent on February 3, February 17, February 20, March 9, and April 30, 2004. The indictment also included one count of making a false claim in violation of 18 U.S.C. § 287, and one count of theft of government funds in violation of 18 U.S.C. § 641.

In his first trial, begun in March 2009, the jury acquitted Coughlin on three of the counts of mail fraud but hung on the others. The trial judge declared a mistrial in April. The second trial began in June 2009, but was stayed by this court in July when Coughlin filed an interlocutory appeal arguing that the Double Jeopardy Clause of the Fifth Amendment barred retrial of the hung counts in light of *Yeager v. United States,* 557 U.S. 110, 129 S.Ct. 2360, 174 L.Ed.2d 78 (2009). The district court eventually declared another mistrial. On June 29, 2010, we determined that the jury's acquittal necessarily meant that Coughlin lacked intent to carry out a fraudulent scheme, an element of mail fraud, through April 30, 2004, the date of the last act of alleged mail fraud for which he was acquitted. *Coughlin I,* 610 F.3d at 99–100 (stating that "in rendering a verdict on the acquitted counts, the jury necessarily decided that Coughlin lacked fraudulent intent during the entire period encompassed by the charged mailings—including those mailings cited in the hung counts"). Double jeopardy therefore barred Coughlin's retrial on the remaining two mail fraud counts that were based on letters he wrote before then. *Id.* at 100. We held, however, that the government could continue to prosecute Coughlin on the false claim and theft of public funds counts, *id.* at 106–07, which it did at Coughlin's third trial, which began in August 2011. This time, he was convicted. He now appeals, alleging that the district court erred in its evidentiary rulings. We disagree and affirm the district court's careful treatment of these issues in its rulings. *See United States v. Coughlin,* 821 F.Supp.2d 8 (D.D.C.2011) (pre-trial ruling); *United*

6

*States v. Coughlin*, 821 F.Supp.2d 35 (D.D.C.2011) (post-trial ruling).

■ Coughlin argues that the district court erred by admitting any evidence against him that predated April 30, 2004. Such evidence should have been excluded, he contends, because, as we have already held, the jury at his first trial necessarily determined that the government failed to prove intent on his part to further a fraudulent scheme at least through that date. But double jeopardy does not "exclude in all circumstances ... relevant and probative evidence that is otherwise admissible under the Rules of Evidence simply because it relates to alleged criminal conduct for which a defendant has been acquitted." *Dowling v. United States*, 493 U.S. 342, 348, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990). As we stated in *Coughlin I*, Double Jeopardy prohibits " 'relitigating any issue that was *necessarily* decided by a jury's acquittal in a prior trial.' " *Coughlin I*, 610 F.3d at 96 (quoting *Yeager*, 557 U.S. at 119, 129 S.Ct. 2360) (emphasis added). It is the defendant's burden to demonstrate that "the issue whose relitigation he seeks to foreclose was [necessarily] decided in the first proceeding." *Dowling*, 493 U.S. at 350–51, 110 S.Ct. 668. Coughlin has not met that burden here. A prior jury necessarily decided that there was reasonable doubt regarding whether Coughlin had fraudulent intent for purposes of mail fraud on April 30, 2004, but did *not* necessarily decide that his conduct was wholly innocent before that date. For example, the jury in his first trial could have believed that Coughlin exaggerated the extent of his injuries but decided that he was not furthering a fraudulent scheme for purposes of mail fraud. Thus, the evidence used to convict on the two retried counts "would have permitted a rational jury to convict him on those counts while acquitting him on the (earlier) mail fraud counts." *Coughlin I*, 610 F.3d at 104.

The admission of this evidence was not barred by double jeopardy.

■ Coughlin also argues that the district court erred in treating the evidence of medical records and physical activity that pre-dated April 30, 2004, as "intrinsic" to the counts charged at his third trial, and therefore not governed by the requirements of Federal Rule of Evidence 404(b). That rule prevents the admission of another "crime, wrong, or act" offered in order to "prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED.R.EVID. 404(b). Such evidence may be admitted for "another purpose" as long as the government provides notice of its intent to offer the evidence, which may lead the defense to ask for limiting instructions. But a district court need not abide by these requirements if the court determines that the acts are intrinsic to the charged crime. *United States v. Bowie*, 232 F.3d 923, 929 (D.C.Cir.2000). We review the district court's rulings under Rule 404(b) for abuse of discretion. *Id.* at 926–27. The district court did not err in finding that the medical records and physical activity did not constitute prior "bad acts," but were instead evidence that Coughlin inflated the injuries he sustained in order to bloat his claims for economic damages.

Having carefully considered Coughlin's remaining arguments, we determine that they also fail.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold the issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc. See* FED. R.APP. P. 41(b); D.C.CIR. R. 41.